UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ISAIAH JOHNSON, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 19-cv-10256-ADB |
| SHERIFF JOSEPH MCDONALD and SUPERINTENDENT ANTONE MONIZ | * |
| Defendant. | * |

# **MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

BURROUGHS, D.J.

Isaiah Johnson ("Johnson") claims that he was deprived of his constitutional rights in violation of 42 U.S.C. § 1983 when he was assaulted by a number of correctional officers while he was a pre-trial detainee at the Plymouth County Correctional Facility ("Facility"). He alleges that several unnamed correctional officers physically assaulted him when he was being transported in a restraint chair.

Presently before the Court is Sheriff Joseph McDonald ("McDonald") and Superintendent Antone Moniz's ("Moniz" and together with McDonald, "Defendants") motion to dismiss, [ECF No. 14]. For the reasons that follow, Defendants' motion to dismiss [ECF No. 14] is GRANTED.

## **I. BACKGROUND**

Johnson, who has a diagnosed mental illness, claims that he was subjected to an unwarranted cell extraction in which he was moved to the Facility's "mental health vicinity" and kept in segregation for twelve months. [ECF No. 9-1 at 5]. Johnson further asserts that he was placed in a restraint chair and that his face was covered in a "spit mask" during the move because

a Facility employee claimed that Johnson had bitten him. [Id. at 6]. He alleges that he was then assaulted by Facility employees in a "blind spot," where Facility security cameras could not record the attack. [Id.].

Johnson filed this lawsuit against the Plymouth County Sheriff's Department and an unknown number of unidentified John Does seeking monetary damages and dismissal of his underlying criminal charges. [ECF No. 1]. On April 5, 2019, the Court granted Johnson's motion for leave to proceed *in forma pauperis*. [ECF No. 6]. The Court also dismissed Johnson's claim against the Plymouth County Sheriff's Department because the Sheriff's Department is an "arm of the state" and is entitled to immunity under the Eleventh Amendment. [Id. at 4]. The Court ordered Johnson to file an amended complaint. [Id. at 6]. On April 12, 2019, Johnson filed the amended complaint that identified Defendants both in their official and individual capacities. [ECF No. 9 at 2; ECF No. 9-1 ¶¶ 3–4].

On May 30, 2019, Defendants moved to dismiss the amended complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that Defendants are entitled to immunity under the Eleventh Amendment where the claims seek damages and were brought against Defendants in their official capacity. [ECF No. 15 at 3]. They further claim that the amended complaint should be dismissed under Rule 12(b)(6) because the amended complaint fails to state a claim and Defendants are entitled to qualified immunity in any event. [Id. at 3–7]. After Johnson, acting *pro se*, failed to timely oppose the motion, the Court gave him leave to respond by July 26, 2019. [ECF No. 18]. On July 22, 2019, Johnson filed his opposition. [ECF No. 20]. Johnson's opposition does not address Defendants' arguments, but rather requests that the Court not dismiss his claims. [Id. at 1].

## II.    STANDARD OF REVIEW

"A court may not automatically treat a plaintiff's failure [to oppose] a motion to dismiss as a procedural default warranting dismissal irrespective of whether the Complaint has merit, *that is*, the Court cannot simply allow the motion to dismiss as a sanction [for] failure to oppose the motion." Phaneuf v. Lustig, Glaser & Wilson P.C., 148 F. Supp. 3d 72, 74 (D. Mass. 2015) (emphasis in original). The Court will therefore evaluate the amended complaint to determine whether it sufficiently states a claim, despite Johnson's failure to address Defendants' arguments. Pomerleau v. West Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004).

In evaluating a motion to dismiss under Rule 12(b)(1), the Court must determine whether the facts alleged in the complaint, "taken at face value," support subject matter jurisdiction. Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). Because Johnson is invoking federal jurisdiction, he has the burden of establishing that the Court has subject matter jurisdiction. Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2008). "When considering a motion to dismiss under 12(b)(1) . . ., the Court should apply a standard of review 'similar to that accorded a dismissal for failure to state a claim' under subsection 12(b)(6)." Rodriguez v. Mass. Parole Bd., No. 16-cv-11113, 2017 WL 706597, at *2 (D. Mass. Feb. 22, 2017) (quoting Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 2d 414, 416 (D.R.I. 2012)).

To evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011)). The complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," id. (quoting Fed. R. Civ. P. 8(a)(2)), and should "contain 'enough facts to state

3

a claim to relief that is plausible on its face,'" id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011)). "The plausibility standard invites a two-step pavane." Maddox, 732 F.3d at 80. First, the Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Second, the Court "must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224).

"In deciding a motion to dismiss under Rule 12(b)(6) . . . a *pro se* complaint must be evaluated upon less stringent standards than those applicable to one drafted by an attorney." Ulatowski v. Ponte, 524 F. Supp. 1112, 1114 (D. Mass. 1981). The Court is therefore more lenient when considering a complaint filed by a *pro se* plaintiff. See, e.g., Elliott v. Segal, No. 19-cv-10259-ADB, 2019 WL 5168448, at * 4 n.2 (D. Mass. Oct. 15, 2019) ("Because [Plaintiff] is *pro se* [the Court] read[s] [her] complaint with an extra degree of solicitude." (alteration in original) (quoting Malek v. Knightly, No. 94-cv-02113, 1995 WL 338178 (1st Cir. June 5,

1995))). Still, the Court will "not conjure up unpleaded facts to support . . . conclusory [allegations]." Cote v. Murphy, No. 04-2538, 152 F. App'x 6, 7 (1st Cir. Oct. 21, 2005) (alterations in original) (quoting Hurney v. Carver, 602 F.2d 993, 995 (1st Cir. 1979)).

### III. DISCUSSION

#### A. Defendants Cannot Be Held Liable in Their Official Capacities

Defendants first argue that any claim for liability against McDonald and Moniz in their official capacities should be dismissed under Rule 12(b)(1) because the Court lacks subject matter jurisdiction over such official-capacity claims. The Eleventh Amendment provides states with sovereign immunity from suits for damages, unless the state has consented to suit or Congress has abrogated immunity. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). The "Amendment has been interpreted to constitute a general bar to suit by private individuals against unconsenting states in any tribunal, regardless of the relief sought or the legal source (federal or state) of the claim." Horizon Bank & Tr. Co. v. Flaherty, 309 F. Supp. 2d 178, 182 (D. Mass. 2004). "[A]lthough the Supreme Court 'has declined to state definitively whether the Eleventh Amendment is a doctrine of subject matter jurisdiction,' . . . the Court has stated that the 'Amendment is *jurisdictional* in the sense that it is a limitation on the federal court's judicial power." Brait Builders Corp. v. Mass. Div. of Capital Asset Mgmt., 644 F.3d 5, 10–11 (1st Cir. 2011) (first quoting Hudson Sav. Bank v. Austin, 479 F.3d 102, 109 (1st Cir. 2007) and then quoting Calderon v. Ashmus, 523 U.S. 740, 745 n.2 (1998)).

A suit against an individual in his official capacity "is not a suit against the official, but rather a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, because McDonald and Moniz are state officials, they are not subject to suit

to the extent that they are sued in their official capacities.  See Morgan v. Middlesex Sheriff's Office, No. 14-cv-10659, 2014 WL 4104173, at * 4 (D. Mass. Aug. 13, 2014).

      **B.    The Amended Complaint Fails to State a Claim That Defendants Violated Johnson's Constitutional Rights**

Johnson alleges that Defendants deprived him of his constitutional rights in violation of 42 U.S.C. § 1983.  "Section 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State."  Klunder v. Brown Univ., 778 F.3d 24, 30 (1st Cir. 2015) (internal quotation marks and citations omitted).  "To make out a viable section 1983 claim, a plaintiff must show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued."  Id. (quoting Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011)).

"Pretrial detainees are protected under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment; however, the standard to be applied is the same as that used in Eighth Amendment cases."  Burrell v. Hampshire Cty., 307 F.3d 1, 7 (1st Cir. 2002).  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Therefore, the amended complaint must sufficiently claim that Defendants, through their own actions or omissions, violated the Constitution.  Id.

> In the context of Section 1983 actions, supervisory liability typically arises in one of two ways: either the supervisor may be a "primary violator or direct participant in the rights-violating incident," or liability may attach "if a responsible official supervises, trains, or hires a subordinate with deliberate indifference towards the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation."

6

Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009) (quoting Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999)).

The Supreme Court has held that a prison official violates the Eighth Amendment only when two requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994). First, the deprivation must be "sufficiently serious," such that the inmate or detainee can "show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prison official must have acted with "deliberate indifference to inmate health or safety." Id. (internal quotation marks omitted) (quoting Wilson v. Seiter, 501 U.S. 294, 302–03 (1994)).

Though Johnson identifies McDonald and Moniz in both their individual and official capacities, [ECF No. 9 at 2], the amended complaint fails to allege any facts concerning Defendants' direct involvement in the restraint or assault, see [ECF No. 9-1 at 5–7]. The amended complaint merely claims that Facility employees assaulted Johnson during a restrained move when they were in a "blind spot" out of view of security cameras. [Id. at 5–6]. Such allegations are insufficient to demonstrate that Defendants directly participated in the assault or that they were deliberately indifferent in supervising or training the employees who allegedly committed the assault. See, e.g., Morgan, 2014 WL 4104173, at * 4 (dismissing similar allegations against a sheriff because complaint failed to allege that defendant sheriff directed or was deliberately indifferent to harassment and retaliation in jail); Brensinger v. Honnewell, No. 14-cv-00011, 2014 WL 2779575, at *3 (D. Me. June 19, 2014) (finding that plaintiff failed to demonstrate that corrections officer was subjectively aware of the risk that plaintiff could be attacked by another inmate).

### C. Defendants Are Entitled to Qualified Immunity

Alternatively, because the complaint fails to allege that Defendants directed or were deliberately indifferent to the alleged restraint and assault, Defendants are entitled to qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In determining whether a government official is entitled to qualified immunity, courts must consider (1) whether the facts alleged by plaintiff constitute a violation of plaintiff's constitutional rights and (2) whether that constitutional right was clearly established at the time of the alleged violation. Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009). Courts are permitted to address the two questions in any order. Pearson v. Callahan, 555 U.S. 223, 236 (2009). Determining whether a right is "clearly established" is a two-party inquiry. "The first sub-part requires the plaintiff to identify either 'controlling authority' or a 'consensus of cases of persuasive authority' sufficient to send a clear signal to a reasonable official that certain conduct falls short of the constitutional norm." Alfano v. Lynch, 847 F.3d 71, 75 (1st Cir. 2017) (quoting Wilson v. Layne, 526 U.S. 603, 617 (1999)). "The second-subpart asks whether an objectively reasonable official in the defendant's position would have known that his conduct violated that rule of law." Id. (citing Wilson v. City of Bos., 421 F.3d 45, 57–58 (1st Cir. 2005)).

Because Johnson has failed to allege that Defendants directed or were deliberately indifferent to his restraint and alleged assault, see supra III.B, the amended complaint fails to allege that Defendants violated a clearly-established constitutional right, such that they are not entitled to qualified immunity. See, e.g., Serrano v. Lebron Gonzalez, 909 F.2d 8, 13–14 (1st

Cir. 1990) (finding that prison official was not entitled to qualified immunity when evidence demonstrated that he stood by during a prison assault and did not attempt to intervene or call for help); Woods v. York Cty., 534 F. Supp. 2d 153, 161 (D. Me. 2008) (finding that jail administrator and sheriff were protected by qualified immunity from suit brought by inmate who was allegedly sexually assaulted by a corrections officer because plaintiff failed to demonstrate that they were deliberately indifferent to her right to be free from sexual assault). Defendants are therefore entitled to qualified immunity.

**IV. CONCLUSION**

Defendants cannot be held liable in their official capacities, because such suits are barred by the Eleventh Amendment. The amended complaint, [ECF No. 9], fails to allege that Defendants directed or were deliberately indifferent to any violation of Johnson's constitutional rights. Alternatively, Defendants are entitled to qualified immunity. Accordingly, the motion to dismiss [ECF No. 14] is GRANTED.

Johnson is granted leave to file a second amended complaint, on or before December 9, 2019, that names as defendants the Facility employees who are alleged to have violated his constitutional rights. The amended complaint only names the Sheriff and Superintendent as defendants and they cannot be held liable for the actions of their employees. Johnson is informed that if he elects to file a second amended complaint, he must name as defendants those individuals who are alleged to have harmed him. If Johnson does not know the name or identity of an alleged defendant, he may use a fictitious name, such as "John Doe 1" or "John Doe 2." If he knows the first name, he may use the first name along with "last name unknown." After the second amended complaint is filed, Johnson may amend the complaint to identify and substitute the correct party's name once he discovers such person's true name.

9

In addition, if Johnson files a second amended complaint, he should include any allegations from the original and amended complaints that he wishes to be part of the operative pleading. Johnson's second amended complaint will be subject to screening pursuant to 28 U.S.C. § 1915A. It must be captioned as "Second Amended Complaint," and bear the docket number 19-cv-10256-ADB.

**SO ORDERED.**

November 12, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE