UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ISAIAH JOHNSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 19-cv-10256-ADB |
| | * | |
| OFFICER SELLINGER, LT. JOSEPH BRIGGS, | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR DISCOVERY AND MOTION FOR STANDBY COUNSEL

BURROUGHS, D.J.

Currently pending before the Court are *pro se* plaintiff Isaiah Johnson's ("Plaintiff") motions for discovery, [ECF No. 42], and appointment of standby counsel, [ECF No. 43]. Plaintiff, who is incarcerated at the Plymouth County Correctional Facility, alleges that his civil rights were violated by Defendant correctional officers during an incident surrounding a cell extraction.

The Court's records indicate that Defendant Briggs filed an answer to the second amended complaint on August 4, 2020, [ECF No. 34], and that the summons for Defendant Sellinger was returned to the Court as unexecuted, with a notation that he is no longer employed at the Plymouth County Correctional Facility. See [ECF No. 36]. On August 27, 2020, the Court issued a scheduling order. [ECF No. 40].

Plaintiff's one-page motion for counsel states as follows: "[n]ow comes the plaintiff to beseech the honorable court for merciful standby counsel appointment due to [plaintiff's] long standing [cerebral-mental] idiosyncracy [sic]." [ECF No. 43]. When filing his second amended

complaint on December 6, 2019, Plaintiff similarly sought appointment of counsel based on his mental illness.  [ECF No. 25].  On May 8, 2020, the Curt denied that motion without prejudice.  [ECF No. 30].  The Court has once again reviewed the pleadings in this case in light of the factors outlined in DesRosiers v. Moran and declines at this time to appoint counsel to represent Plaintiff.  949 F.2d 15, 24 (1st Cir. 1991) ("To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  [The First Circuit] will overturn the denial of a request for appointed counsel in a civil case only if the record, taken as a whole, reflects a manifest abuse of the trial court's broad discretion."  (internal citations omitted)).

Plaintiff has also moved for discovery.  [ECF No. 42].   His one-page discovery motion seeks copies of (1) cell camera footage; (2) complaints and grievances concerning the Defendants; (3)  Sellinger's medical records following the incident; (4) disciplinary and incident reports concerning the defendants; and (5)  the policy governing protocol and procedures for cell extractions.  [Id.].  Plaintiff has not indicated whether he requested these items from the Defendants and, if so, their response.  Rule 26(d) of the Federal Rules of Civil Procedure expressly states that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except when otherwise authorized.  Fed. R. Civ. P. 26.

Plaintiff may seek records from a party through a document request under Rule 34 of the Federal Rules of Civil Procedure, served on the party on or before the close of discovery.  See Fed. R. Civ. P. 34.  To the extent that Plaintiff seeks to compel a non-party to produce copies of camera footage and other documents, the proper method for obtaining records is a subpoena duces tecum pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 45.

Mindful of Plaintiff's *pro se* status, the Court will direct the Clerk to include a blank subpoena in the copy of this order that is mailed to Plaintiff.  See Banks v. Joyce, No. 2:13-cv-00324, 2014 WL 7330938, at *1 (D. Nev. Dec. 19, 2014) (construing inmate request for order directing non-party to produce records as request for a subpoena duces tecum and directing Clerk to issue the subpoena in blank and mail it to Plaintiff to fill out).  Although Plaintiff is proceeding *in forma pauperis*, he is responsible for arranging service of the subpoena duces tecum and must bear the cost of such service. See id. ("Plaintiff must make arrangements to serve the subpoena duces tecum and is responsible for the cost of service.  Plaintiff should carefully ready Rule 45(b) of the Federal Rules of Civil Procedure."); see also Tabron v. Grace, 6 F.3d 147, 158–59 (3rd Cir. 1993) ("The *in forma pauperis* statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for *in forma pauperis* litigants, see 28 U.S.C. 1915(a), and allows for payment by the United States for the expenses of 'printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court,' and of 'preparing a transcript of pleadings before a United States magistrate in any civil or criminal case, if such a transcript is required by the district court,' 28 U.S.C. § 1915(b).  There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."); Emrit v. Natl. Grid, Inc., No. 14-cv-14769, 2015 WL 4254057, at *2 (D. Mass. July 14, 2015) (denying indigent plaintiff costs of issuance of subpoenas, interrogatories, depositions, and other discovery).  This Court expresses no opinion on the merits of any such future document request.

Accordingly:

1. Plaintiff's motion for discovery, [ECF No. 42, is <u>DENIED</u>.  The Clerk shall provide to Plaintiff a blank subpoena form with a copy of this Order.

2. Plaintiff's motion for standby counsel, [ECF No. 43], is <u>DENIED with leave to renew as the litigation progresses</u>.

**SO ORDERED.**

September 8, 2020 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE